ALLEN S. CUTTS, plaintiff in error, *vs.* WILLIAM JOHNSON, defendant in error.

1. Johnson sued Cutts on a contract dated January 1st, 1868, to deliver to plaintiff one hundred and sixty-two and a half bales of cotton in the fall of 1868, of the crop grown that year.   On the trial, defendant proposed to prove by parol that Johnson sold land to one Charlton in 1866 for one hundred and eighty bales of cotton, which were to be delivered in the fall of 1867, and gave bond for titles ; that in December, 1866, Charlton transferred the bond to defendant, who afterwards executed to plaintiff the contract sued on, and that the last contract was only a renewal or extension of Charlton's contract, and that defendant was only to pay plaintiff what was due on Charlton's contract for the portion of cotton not delivered by Charlton, estimating it at its value at the maturity of Charlton's contract :

*Held,* That the testimony was inadmissible.

2. Though the documentary evidence, the exclusion of which was excepted to, may be not embraced in the bill of exceptions, no motion

for a new trial having been made, the writ of error will not be dismissed, but the plaintiff will be heard on exceptions to the parol evidence.  See end of Report.  (R.)

Evidence.  Practice in the Supreme Court.  Before Judge CLARK.  Sumter Superior Court.  October Term, 1872.

Johnson brought suit against Cutts on the following contract:

"AMERICUS, GA., SUMTER COUNTY, Jan. 1st, 1868.

" At any time between the 25th of September and 25th day of December, 1868, I promise to pay to William Johnson, of North Carolina, one hundred and sixty-two and one-half bales of good, sound, merchantable cotton, of average quality, raised on his plantation, to be delivered at Americus depot, closed in new bagging and ties, weighing on average five hundred pounds each, to be received at any time within the specified time, whenever fifty bales are presented, the cotton to be of the present year's crop, for value received.  Witness my hand and seal.         (Signed)              A. S. CUTTS."

" Received on this forty-four bales cotton, weighing twenty thousand four hundred and three pounds, (20,403 pounds,) December 30th, 1868."

" Received on this four bales cotton, weighing forty-six hundred and ninety pounds, (4690 pounds,) May 12th, 1869."

The defense sought to be established is difficult to be understood, on account of continual reference to papers said to be attached to the bill of exceptions, as exhibits, but which, by an omission, were not so annexed.  But it appears that the defendant sought to show by parol evidence that plaintiff, on November 7th, 1866, sold certain lands in Sumter county to one C. W. Charlton, for one hundred and eighty bales of cotton, weighing five hundred pounds to the bale, to be delivered in Americus at any time from the middle of September until the 25th of December next, the plaintiff giving his bond to execute a conveyance, upon a compliance by Charlton with the terms of said contract; that on December 27th,

Cutts *vs.* Johnson.

1866, Charlton transferred said bond to the defendant, who executed the obligation sued on in renewal or extension of Charlton's undertaking, and that consequently the defendant was only liable to the plaintiff for what was due on Charlton's contract for the portion of cotton not delivered by him, estimating it at its value at the maturity of his (Charlton's) contract.

The evidence was excluded, and the defendant excepted.

The jury returned a verdict for the plaintiff for $9,546 69, with interest from December 25th, 1868. The defendant assigns error upon the aforesaid exception.

When this case was called in the Supreme Court, a motion was made to dismiss the writ of error, because certain documentary evidence, to the exclusion of which exception had been taken, and which was referred to in the bill of exceptions, as exhibits, were not so annexed. There was no motion for a new trial, and the evidence consequently came up as a part of the bill of exceptions. The Court overruled the motion, but confined counsel in their argument, to the exceptions to the exclusion of certain parol evidence, refusing to take under consideration any question which involved said documentary evidence.

W. A. HAWKINS ; C. T. GOODE, for plaintiff in error.

HAWKINS, GUERRY & HOLLIS, for defendant.

TRIPPE, Judge.

The question is not what are the rights or equities of the holder of Johnson's bond for titles—that is, whether or not he can demand titles from Johnson upon the payment of the value of one hundred and eighty bales of cotton under Charlton's contract and the stipulations in the bond. But it is what is Cutt's liability upon the contract sued on. The contract made by Cutts was to deliver to Johnson one hundred and sixty-two bales of cotton in the fall of 1868. Cotton was worth more in the fall of 1868 than in the fall of 1867. De-

fendant proposed to prove that it was the understanding of the parties that he was not to deliver one hundred and sixty-two bales specified in his contract, but that he was only to pay the unpaid portion of Charlton's contract, estimating the cotton at its value, not in 1868, but at the maturity of the Charlton contract.    It was not claimed that there was any fraud or mistake in Cutts' written agreement, but simply that at the time it was executed the contract was different from the written terms.    In other words, it was proposed to prove that Cutts was not to pay one hundred and sixty-two bales of cotton in the fall of 1868, but more or less according to what it might take, rated at its value in the fall of 1868, to pay what that much cotton was worth at the price of cotton in the fall of 1867.    If one hundred and twenty-five bales at twenty cents in 1868 would be as much as one hundred and sixty-two bales at fifteen cents in 1867, then that was to be the amount delivered, and that amount is all that could be recovered. This would be substituting a verbal contract for a written one, both made at the same time, and differing probably several thousand dollars in their results.    The plaintiff below could. not claim such an alteration or substitution, had the prices of cotton been reversed at those two seasons, and the rule of law is too plain to allow the defendant (plaintiff in error) to do so.

Judgment affirmed.